UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY GOTTS,

        Plaintiff,                        Case No.

v.

                                                     Hon.

BEAUMONT HEALTH SYSTEM, INC.
and OAKWOOD HEALTHCARE, INC.
d/b/a BEAUMONT HOSPITAL, TAYLOR,

        Defendants.
_____

David A. Nacht (P47034)
Joseph X. Michaels (P79084)
NachtLaw, P.C.
Attorneys for Plaintiff
101 N. Main St., Suite 555
Ann Arbor, Michigan 48104
(734) 663-7550
dnacht@nachtlaw.com
jmichaels@nachtlaw.com

**COMPLAINT AND JURY DEMAND**

      Plaintiff, Gary Gotts, by and through his attorneys, NachtLaw, P.C., hereby alleges as follows:

**INTRODUCTION**

      1.     Plaintiff Gary Gotts brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12112, *et seq.* ("ADA"), the Age Discrimination in

Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), the Elliott-Larsen Civil Rights Act, MCL § 37.210, *et seq.* ("ELCRA"), and the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1102, *et seq.* ("PWDCRA") to remedy employment discrimination and retaliation perpetrated against him by Defendants Beaumont Health System, Inc. and Oakwood Healthcare, Inc. (collectively "Defendants").

## **PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff, Gary Gotts, is an individual residing in the City of Ypsilanti, Washtenaw County, Michigan, within the Eastern District of Michigan.

3. Defendant, Beaumont Health System, Inc., is a Michigan Corporation that conducts business in the State of Michigan. Its principal place of business is within this judicial district.

4. Defendant, Oakwood Healthcare, Inc., is a Michigan Corporation that conducts business in the State of Michigan. Its principal place of business is within this judicial district.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it involves violations of federal law. Supplement jurisdiction of state law claims is proper pursuant to 28 U.S.C. § 1367 as they arise from the same case and controversy.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)-(2) as this is the judicial district in which a substantial part of the events giving rise to this claim occurred and Defendants' principal places of business are located.

7. Plaintiff filed a timely charge of disability discrimination with the Equal Employment Opportunity Commission (EEOC) and brings this action within ninety days of receipt of a "Notice of Right to Sue", received by Plaintiff on November 14, 2016.

## **GENERAL ALLEGATIONS**

8. Plaintiff is a 60-year-old male.

9. Plaintiff began his employment with Defendants on April 8, 2003.

10. Plaintiff was last employed as Security Safety Manager overseeing on-site security at Beaumont Hospital, Taylor, previously known as Oakwood Hospital, Taylor.

11. At all relevant times, Defendants' employed greater than 50 employees in a 75-mile radius of Plaintiff's worksite in Taylor, Michigan.

12. At all relevant times, Plaintiff worked more than 1,250 hours per twelve-month period.

13. At all relevant times, Plaintiff performed the essential functions of his job diligently, professionally and competently.

14. In his most recent performance review, Plaintiff's supervisor stated "Gary has continuously developed his officers to elevate the standards of security at OHT [Oakwood Hospital, Taylor]. He has invested time in training his staff and mentored them well. Gary has two officers who are employee of the month which is a testament to how responsive and attentive security is viewed. Gary is dependable and loyal to his department and is a pleasure to work with."

15. In 2010, Plaintiff was diagnosed with Chronic Lymphocytic Leukemia (CLL).

16. CLL is a chronic form of cancer that often progresses slowly. Unlike many other types of cancer, some people with CLL do not benefit from treatment, but instead respond better to careful long-term monitoring of the disease.

17. For the next five years, Plaintiff and his doctors closely monitored and managed his CLL, while Plaintiff continued working.

18. Plaintiff began using FMLA qualifying time for doctor's appointments and to manage the symptoms of his CLL.

19. In 2014, Plaintiff's direct supervisor suddenly approached him and accused him of sleeping in meetings.

20. His supervisor informed Plaintiff that LeAnn Odom, the President of Beaumont Hospital, Taylor, told her that Plaintiff was sleeping while she was on vacation.

21. Plaintiff later approached Ms. Odom about these allegations. He denied sleeping in any meetings, but asked Ms. Odom to provide the dates and times of the meetings at which he supposedly fell asleep.

22. Plaintiff informed Ms. Odom of his cancer diagnosis and said that if he had indeed fallen asleep in any meetings, it was likely due to his CLL and that if that was the case, he should inform his doctor right away if he were having trouble maintaining focus and staying awake as that could indicate a worsening of his condition.

23. Ms. Odom responded "I don't care what you have, just fix it."

24. Plaintiff continued to monitor his CLL until November 2015 when his condition began to worsen.

25. Plaintiff and his physicians decided to intervene medically and that Plaintiff would need to undergo highly invasive treatment.

26. In November 2015, Plaintiff informed Rachel Byrne, his direct supervisor, that, although a date was not yet set, treatment was necessary and that he would be utilizing his pre-approved FMLA leave.

27. Previously on August 13, 2015, after Defendants' HR Department received medical documentation, Defendants' re-certified Plaintiffs FMLA leave due to his CLL for the following year, up to 58 days.

28. When Plaintiff informed Ms. Bryne of the need for treatment, she stated, "we'll cross that bridge when we get there."

29. Approximately one month later, on December 29, 2015, Plaintiff was suspended pending investigation due to two entirely pretextual "work rule violations."

30. Plaintiff was then terminated on January 5, 2016.

31. As a result of his termination, Plaintiff lost his health insurance and was unable to proceed with his cancer treatment as planned.

32. Plaintiff was replaced by a younger, non-disabled employee.

## CAUSES OF ACTION

### COUNT I
### FAMILY AND MEDICAL LEAVE ACT INTERFERENCE
### 29 U.S.C. § 2615 (a)(1)

33. Plaintiff herein reincorporates its allegations in the paragraphs above.

34. Plaintiff was an eligible employee under the FMLA, in that he had a serious health condition and was otherwise entitled to take FMLA leave.

35. Defendants were employers subject to the requirements of the FMLA.

36. Plaintiff was entitled to leave under the FMLA.

37. Plaintiff gave Defendants appropriate notice of his serious health conditions and made appropriate requests for leave under the FMLA.

38. Defendants interfered with Plaintiff's federally-protected right to FMLA leave by, among other things, telling Plaintiff to just "fix" his medical condition and terminating him after he stated his intent to use FMLA leave.

39. Defendants' actions would deter a reasonable person from exercising their rights under the FMLA.

40. This course of conduct was a willful violation of the FMLA, entitling Plaintiff to liquidated damages in accordance with 29 U.S.C. § 2617(a)(1)(A)(i).

41. As a result, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic and non-economic loss, including, but not limited to, lost wages, damage to professional reputation, emotional distress, outrage and humiliation.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT RETALIATION
## 29 U.S.C. § 2615 (a)(2)

42. Plaintiff herein reincorporates its allegations in the paragraphs above.

43. Plaintiff was an eligible employee under the FMLA, in that he had a serious health condition and was otherwise entitled to take FMLA leave.

44. Defendants were employers subject to the requirements of the FMLA.

45. Plaintiff was entitled to leave under the FMLA.

46. Plaintiff gave Defendants appropriate notice of his serious health conditions and made appropriate requests for leave under the FMLA.

47. Defendants retaliated against Plaintiff due to his use of federally-protected FMLA leave by, among other things, telling Plaintiff to just "fix" his medical condition, and terminating him after he stated his intent to use FMLA leave.

48. But for Plaintiff's exercise of his rights under the FMLA, he would not have been terminated.

49. This course of conduct was a willful violation of the FMLA, entitling Plaintiff to liquidated damages in accordance with 29 U.S.C. § 2617(a)(1)(A)(i).

50. As a result, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic and non-economic loss, including but not limited to, lost wages, damage to professional reputation, emotional distress, outrage and humiliation.

## COUNT III
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 9 U.S.C. § 621 *et seq.*

51. Plaintiff herein reincorporates its allegations in the paragraphs above.

52. At all relevant times, Plaintiff was an employee, and Defendants were employer with 20 or more employees subject to the requirements of the ADEA.

53. At all relevant times, Plaintiff was older than 40 years of age and protected by the ADEA.

54. At all relevant times, Plaintiff was well-qualified for the position(s) he held.

55. Defendants unlawfully discriminated against Plaintiff because his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq,* as amended.

56. Defendants' discriminatory termination of Plaintiff constituted an adverse employment action.

57. Plaintiff was replaced by a younger employee.

58. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and retirement benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; and loss of professional reputation.

**COUNT IV**
**AGE DISCRIMINATION IN VIOLATION OF**
**THE ELLIOTT-LARSEN CIVIL RIGHTS ACT**
**MCL 37.2202(1)(a)**

59. Plaintiff herein reincorporates its allegations in the paragraphs above.

60. At all relevant times, Defendants were employers, and Plaintiff was an employee covered by and within the meaning of the Elliott-Larsen Civil Rights Act. MCL § 37.2101.

61. Plaintiff is a member of a protected class because of his age at the time of his termination, 59.

62. Defendants' actions constituted unlawful discrimination against Plaintiff because of his age. MCL § 37.2202.

63. Defendants' discriminatory termination of Plaintiff constituted an adverse employment action.

64. Plaintiff was replaced by a younger employee

65. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and retirement benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; and loss of professional reputation.

## COUNT V
## AMERICANS WITH DISABILITIES ACT ("ADA")
## 42 U.S.C. § 12112

66. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

67. At all relevant times, Defendants were covered entities under the ADA as defined by 42 U.S.C. § 12111(2).

68. At all relevant times, Plaintiff was Defendants' employee as defined by 42 U.S.C. § 12111(4).

69. Plaintiff was a "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2).

70. Plaintiff's cancer substantially interfered with several major life activities, including normal cell growth.

71. Despite his disability, Plaintiff was at all relevant times qualified to perform the essential functions of his job with or without reasonable accommodation.

72. Defendants discriminated against Plaintiff on account of his real and perceived disability in violation of the ADA, 42 U.S.C. § 12112 when it, among other things, terminated Plaintiff.

73. Defendants' decision to discriminate against and ultimately discharge Plaintiff was motivated in substantial part by Plaintiff's disability and/or Defendants' assumptions and unreasonable perceptions of Plaintiff's medical condition.

74. Defendants' discriminatory termination of Plaintiff constituted an adverse employment action.

75. Plaintiff was replaced by a non-disabled employee

76. Defendants' actions in violation of the ADA were willful.

77. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and retirement benefits;

mental anguish; physical and emotional distress; humiliation and embarrassment; loss of professional reputation.

## COUNT VI
## MICHIGAN'S PERSONS WITH DISABILITIES
## CIVIL RIGHTS ACT
## MCL § 37.1102(1)

78. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

79. At all relevant times, Defendants were employers as defined by MCL 37.1201(b).

80. At all relevant times, Plaintiff was Defendants' employee as defined by MCL 37.1201(a).

81. Plaintiff had a "disability" within the meaning of MCL § 37.1103(d).

82. Plaintiff's cancer substantially interfered with several major life activities, including normal cell growth.

83. Despite his disability, Plaintiff was, at all relevant times, qualified to perform the essential functions of his job with or without reasonable accommodation.

84. Defendants discriminated against Plaintiff on account of his real and perceived disability in violation of PWDCRA, MCL 37.1102(1), when it, among other things, terminated Plaintiff.

85. Defendants' decision to discriminate against and ultimately discharge Plaintiff was motivated in substantial part by Plaintiff's disability and/or Defendants' assumptions and unreasonable perceptions of Plaintiff's medical condition.

86. Defendants' actions in violation of the PWDCRA were willful.

87. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and retirement benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; and loss of professional reputation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Gary Gotts, prays that this Honorable Court grant the following remedies:

a. Declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in violation of FMLA, ADA, ADEA, ELCRA, and PWDCRA;

b. Award Plaintiff all lost wages and benefits, past and future, to which he is entitled;

c. Award Plaintiff liquidated damages under FMLA;

d. Award Plaintiff compensatory damages;

e. Award Plaintiff punitive and exemplary damages;

f. Award Plaintiff reasonable attorney's fees, costs, and interest;

g. Award such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants and all relief requested in this Complaint.

          Respectfully submitted,
          NACHTLAW, PC

          /s/ *Joseph Michaels*
          Joseph X. Michaels
          Attorney for Plaintiff
          101 North Main Street, Suite 555
          Ann Arbor, MI 48104
          (734) 663-7550
          jmichaels@nachtlaw.com

Dated: January 5, 2017

## DEMAND FOR JURY TRIAL

Plaintiff, Gary Gotts, by and through his attorneys, NachtLaw, P.C., hereby demands a trial by jury on all claims pled herein.

          Respectfully submitted,
          NACHTLAW, PC

          */s/ Joseph Michaels*
          Joseph X. Michaels (P79084)
          Attorney for Plaintiff
          101 North Main Street, Suite 555
          Ann Arbor, MI 48104
          (734) 663-7550
          jmichaels@nachtlaw.com

Dated: January 5, 2017